| | | |
|---|---|---|
| Matthew Sosnowski<br>Patricia Sosnowski<br>   Debtor(s) | ) ) ) ) ) | Case No. 14-17893<br><br>Judge Jack B. Schmetterer<br><br>CHAPTER 13 |
| Matthew Sosnowski,<br>Patricia Sosnowski<br>   Plaintiff<br><br>v.<br><br>Citimortgage Inc.   Defendant | ) ) ) ) ) ) ) ) ) ) ) | Adv. Pro. No. 14-00555 |

# FINDINGS OF FACT

### A. The Parties

1. The Plaintiffs are Matthew and Patricia Sosnowski

2. The Defendant is Citimortgage Inc..

### B. Factual Background

1. On or about May 12, 2014 Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Plaintiffs own the real estate commonly known as 14500 Blackstone, Dolton, Illinois.

3. That Bank of America, N.A. holds a first mortgage lien on the real property commonly known as 14500 Blackstone, Dolton, Illinois, with a secured claim of $119,231.82 pursuant to the proof of claim #14 filed on September 5, 2014 by Rocio Herrera for Bank of America, N.A.

4. The Defendant holds a second mortgage lien on the real property known as 14500 Blackstone, Dolton, Illinois in the approximate amount of $49,584.43 pursuant to proof of claim #15 filed on September 9, 2014 by Defendant.

5. That the Plaintiffs obtained a valuation of the property in 2013 indicating the value of 14500 Blackstone, Dolton, Illinois as $93,433.00.

6. The first mortgage lien of Bank of America, N.A. is a secured claim based on the mortgage recorded on July 13, 2004 as document number 0419549097 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of the Defendant is a claim based on the mortgage recorded August 30, 2006 as document number 0624256023 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 plan provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $750.00 per month for 13 months and $1300.00 for 47 months.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. On August 15, 2014 Plaintiffs issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and the Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 14500 Blackstone, Dolton, Illinois.

11. That on August 15, 2014 a copy of the summons and complaint was served in accordance with the Federal Rules of the Bankruptcy Procedure by certified U.S. mail, postage prepaid upon Citimortgage, Inc., ATTN: Sanjiv Das, President, 399 Park Avenue, New York, NY 10022, and by first-class U.S. mail, postage prepaid upon Citimortgage Inc., PO Box 6243, Sioux Falls, SD 57117 and CT Corporation Systems, Registered Agent for Citimortgage Inc., 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that hold priority that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $93,433.00.

15. The first secured claim of Bank of America, N.A. in the amount of $119,231.82 exhausts the value and equity in Plaintiffs' residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

A. **Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to U.S.C. § 1409.

### B. Argument

1. Is action was initiated under 11 U.S.C. § 506(a) and F.R. Bankr. P. 3012.

2. The Debtor scheduled the first secured claim of Bank of America N.A. in the amount of $104,096.49 and the second secured claim of the Defendant in the amount of $20,000.00.

3. Bank of America N.A., filed a proof of claim on September 5, 2014 for the amount of $119,231.82. Said claim is secured by a first mortgage on the Plaintiffs' property 14500 Blackstone, Dolton, Illinois.

4. The Defendant filed a proof of claim on September 9, 2014 for the amount of $49,584.43. Said claim is second in priority to the first mortgage lien.

5. That the value of Plaintiffs' property is $93,433.00.

6. As there is no value or equity to support the second priority lien of the Defendant its claim is not a claim secured at all by a security interest in the Debtors' residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F.R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtors, and entry of the discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankkr.N.D.Ill. January 29, 2010).

Dated: 10/28/14

Enter:

United States Bankruptcy Judge
OCT 28 2014

Ledford & Wu
200 S. Michigan, Ste 209
Chicago, IL 60657
(312)294-4400
(3120294-4410 fax